# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

vs.                                                          Case No. 8:02-cr-98-T-30TGW

CRAIG CAWTHORNE,

        Defendant.
_____/

## ORDER

Before the Court are Defendant's: 1) "Motion: Requesting that the Court order [sic] an Injunction or Stay for the Defendant" ("motion for injunction") (Dkt. 63); 2) "Motion: Requesting papers to file writ [sic] of <u>Habeas Corpus</u> to the United States Federal Court In and For Middle District of Florida" ("motion for habeas form") (Dkt. 64); 3) "Motion: Request for Hearing so that Defendant can Explain Why These Documents are Needed" ("motion for hearing") (Dkt. 65); and "Motion: Requesting that the Court Assist Defendant in Locating Access to Federal Rules of Criminal Procedure and Civil Procedure" ("motion for rules of procedure") (Dkt. 66).

**Motion for Injunction**

Defendant appears to request an injunction against the City of Tampa Police Department and the Hillsborough County Sheriff's Office. Specifically, he says he is homeless, and requests a "Keep Away Order which will allow [him] to live at Liberty

without the Hillsborough County Sheriff and Tampa Police Department and any Official of the County of Hillsborough interfering." (Dkt. 63 at 2).

This motion is unrelated to this criminal case, which stands closed. Because the City of Tampa and Hillsborough County are not parties to this action, the Court does not have jurisdiction over them and cannot enjoin their actions. A court must have jurisdiction over a person or entity before it can validly enter a preliminary injunction against that entity or person. *See e.g., Weitzman v. Stein*, 897 F.2d 653, 658 (2d Cir. 1990). Thus, the motion will be denied without prejudice to Defendant filing his claim in a new case with a new case number.

**Motion for Habeas Form**

Defendant requests "the Court to arrange for [him] to gain a copy of the Official Form for a Federal Habeas Corpus." (Dkt. 64 at 1). He is also concerned that he may be arrested, and as a result, he may lose his social security income (Id. at 1-2). Therefore, he requests the Court issue an order directing that his social security income may not be discontinued until this Court orders otherwise.

With respect to Defendant's request for an injunction prohibiting discontinuation of his social security income, the matter is unrelated to this criminal case. Thus, the motion will be denied without prejudice to Defendant filing his claim in a new case with a new case number.

To the extent Defendant requests a copy of the "Official Form for a Federal Habeas

Corpus," Defendant has not provided the Court with an address where the Court can attempt to serve Defendant with any orders or documents. Defendant may be able to obtain the form he is seeking by accessing this Court's website at http://www.flmd.uscourts.gov, or by contacting the Clerk of the Court.

**Motion for Hearing**

Defendant requests a hearing before the Court to explain why he needs copies, free of charge, of all the documents related to this criminal case. It appears that Defendant requests the copies because he disputes his arrest record on the Hillsborough County Criminal Registration Unit (Dkt. 65 at 1-2). Defendant has not demonstrated a particularized need for the copies.

**Motion for Rules of Procedure**

Defendant requests assistance in finding a library that carries the Federal Rules of Criminal and Civil Procedure. Again, this motion is unrelated to the instant criminal case. Moreover, the motion is more akin to a request for legal assistance. It is not this Court's function to be an advocate on behalf of Defendant, or any party.[1]

ACCORDINGLY, it is **ORDERED** that:

1. Defendant's Motion for Injunction (Dkt. 63) is **DENIED**.

2. Defendant's Motion for Habeas Form (Dkt. 64) is **DENIED**.

3. Defendant's Motion for Hearing (Dkt. 65) is **DENIED**.

---

[1] Defendant may wish to visit or contact the Hillsborough County Law Library, 701 East Twiggs Street, Tampa, Florida, to ascertain whether it carries the Federal Rules of Criminal and Civil Procedure.

4. Defendant's Motion for Rules of Procedure (Dkt. 66) is **DENIED**.

5. Because Defendant indicates that he is homeless, and he has not provided the Court with a mailing address to which the Court can mail Defendant's copy of this Order, the **Clerk** shall contact Defendant via e-mail, at the e-mail address provided by Defendant in his motions, and inform Defendant that he may obtain his copy of this Order from the Clerk's office.[2]

**DONE** and **ORDERED** in Tampa, Florida on September 29, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Defendant

---

[2] As a courtesy to Defendant, the Clerk shall contact him via e-mail regarding this Order. Defendant is cautioned, however, that the Clerk will not hereafter contact Defendant via e-mail regarding this case. To obtain a copy or notice of any future orders rendered in this case, it will be Defendant's burden to either provide the Court with a mailing address, or come to the courthouse to see what, if anything, is happening in his case.